IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JONATHAN LAWRENCE                                                      PLAINTIFF

v.                                          CAUSE NO. 1:16CV263-LG-RHW

ALLSTATE INSURANCE COMPANY
and JOHN OR JANE DOES 1-5                                     DEFENDANTS

## ORDER DENYING UNOPPOSED MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [30] filed by the defendant Allstate Insurance Company. Although the parties have notified the Court that the Motion is unopposed, the Court finds that remand would be inappropriate under the circumstances presented.

## BACKGROUND

In his Complaint, the plaintiff Jonathan Lawrence sought $45,000 in underinsured motorists benefits from Allstate as well as unspecified amounts of extra-contractual and punitive damages. Allstate removed the case to this Court on the basis of diversity jurisdiction, claiming that the amount in controversy exceeded $75,000. After the parties completed discovery, Allstate filed the present unopposed Motion to Remand, because Lawrence has agreed to voluntarily dismiss his claims for extra-contractual and punitive damages and "has agreed to stipulate that any and all of his claims against Allstate Insurance Company will not ever exceed the

uninsured motorist coverage benefits available under the Allstate policies." (Def.'s Mot. at 2, ECF No. 30).[1]

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). After removal, a party may file a motion for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Fifth Circuit has provided the following guidance for determining whether a post-removal amendment of the complaint affects the Court's jurisdiction:

> [O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. The jurisdictional facts that support removal must be judged at the time of removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

---

[1] No stipulation or amended complaint reflecting a reduction of the amount in controversy has been filed with the Court.

-2-

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (internal citations omitted).

In its Motion to Remand, Allstate asserts that it removed the case to this Court on July 14, 2016, because Lawrence "was claiming damages in excess of $75,000 and diversity existed." (Def.'s Mot. at 1, ECF No. 30). Thus, there is no indication that Lawrence's initial demand for damages was ambiguous. Even if Lawrence does at some point file a stipulation agreeing to accept less than $75,000 or amend his complaint to reduce the damages sought, those actions will not divest the Court of jurisdiction unless Lawrence demonstrates that he actually sought less than $75,000 at the time of removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938)(holding that where a plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, it does not deprive the district court of jurisdiction.)

Generally, remand is only proper when "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Plaintiff is master of his complaint and casual or imprudent demands for damages only invite removal. But, since it appears that this Court has diversity jurisdiction, Allstate's Motion to Remand must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand [30] filed by the defendant Allstate Insurance Company is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties shall promptly notify the magistrate judge of this order and submit a proposed order lifting the stay entered in this matter on May 25, 2017.

**SO ORDERED AND ADJUDGED** this the 31st day of May, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE